UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
ROSEMARY EVENSEN, individually and on behalf of all those similarly situated,

    Plaintiff,

  -against-

NORTHEASTERN ASSET RECOVERY, INC., JTM CAPITAL MANAGEMENT, LLC, CLAIRE HIGGINS, and STEVE LARKIN,

    Defendants.
-------------------------------------------------------------------------------x

**Decision & Order**
16-cv-1070(ADS)(AKT)

## APPEARANCES:

**Barshay Sanders, PLLC**
*Attorneys for the Plaintiff*
100 Garden City Plaza, Suite 500
Garden City, NY 11530
  By: David M. Barshay, Esq.
     Craig B. Sanders, Esq., Of Counsel

**Lippes Mathias Wexler Friedman LLP**
*Attorneys for the Defendant JTM Capital Management, LLC*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
  By: Brendan H. Little, Esq.
     Richard M. Scherer, Esq., Of Counsel

## NO APPEARANCES:

**Northeastern Asset Recovery, Inc.**
*Defendant*

**Claire Higgins**
*Defendant*

**Steve Larkin**
*Defendant*

SPATT, District Judge:

  On March 3, 2016, the Plaintiff Rosemary Evensen commenced this putative class action against the Defendants Northeastern Asset Recovery, Inc. ("NAR"); JTM Capital Management, LLC

1

("JTM"); Claire Higgins ("Higgins"); and Steve Larkin ("Larkin"), alleging that certain debt collection activities on the part of the Defendants violated the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and Section 349 of the New York General Business Law ("GBL").

On consent of the parties, an amended complaint was filed on January 17, 2017.

Presently before the Court is a motion by the Defendant JTM, seeking to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), or, alternatively, to strike the Plaintiff's class allegations under FED. R. CIV. P. 23(d)(1)(D).

For the reasons that follow, the Defendant's motion to dismiss is granted, without prejudice to the Plaintiff's right to file a second amended complaint consistent with this opinion.

## I. BACKGROUND

The following salient facts are drawn from the amended complaint and construed in favor of the Plaintiff.

The Defendants NAR and JTM are corporations who, respectively, maintain principal places of business in Cheektowaga, New York and Amherst, New York. *See* Am. Comp. ¶¶ 7-8. The Defendants Higgins and Larkin are individuals who also maintain a principal place of business in Cheektowaga, New York. *See id.* ¶¶ 9-10. The amended complaint does not contain any factual allegations connecting these Defendants to one another, other than to allege that Higgins and Larkin are "employee[s] of Defendants," *see, e.g., id.* ¶¶ 29, 34, and that all of the Defendants are debt collectors, as that term is defined in the FDCPA, *see id.* ¶ 12.

On an unspecified date, the Plaintiff, who is a consumer within the meaning of the statute, incurred an alleged debt for personal, family, or household purposes. *See id.* ¶¶ 6, 13. When she

defaulted on the required payments, her account was allegedly transferred to the Defendants for collection. *See id.* ¶ 15. In an effort to collect the alleged debt, the Defendants contacted the Plaintiff by telephone and letter. *See id.* ¶ 16.

A.   The Allegedly Unlawful Telephone Calls

On February 20, 2016, Higgins allegedly contacted the Plaintiff by telephone. *See id.* ¶ 20. The content of this telephone call is not set forth. However, the Plaintiff claims that Higgins failed to disclose that the call was from a debt collector or to otherwise meaningfully disclose her identity, as required under the FDCPA. *See id.* ¶¶ 30, 69. Further, without first obtaining her consent, this call was allegedly made to the Plaintiff's cell phone number using an automatic telephone dialing system, in violation of the TCPA. *See id.* ¶¶ 73-74.

On February 25, 2016, without first obtaining the Plaintiff's consent to discuss her financial affairs with third parties, as required under the FDCPA, Larkin contacted the Plaintiff's son-in-law by telephone regarding her alleged debt. *See id.* ¶¶ 39-40.

On February 26, 2016, Larkin allegedly contacted the Plaintiff by telephone. *See id.* ¶ 34. Again, the content of this telephone call is not set forth. However, it is alleged that Larkin failed to disclose that the call was from a debt collector or to otherwise meaningfully disclose his identity. *See id.* ¶¶ 35, 69. Also, again, it is alleged that this call was made to the Plaintiff's cell phone number using an automatic telephone dialing system, in violation of the TCPA. *See id.* ¶¶ 73-74.

Also on February 26, 2016, Higgins allegedly contacted the Plaintiff by telephone and stated, "A formal complaint was filed against your name and social security number." *Id.* ¶¶ 49-50. According to the amended complaint, this statement was false, as no formal complaint had been filed against the Plaintiff's name and/or social security number. *See id.* ¶¶ 51-53. Also, again, this call was allegedly improperly made to the Plaintiff's cell phone number using an automatic telephone dialing system. *See id.* ¶¶ 73-74.

3

B. The Allegedly Unlawful Letter

On February 20, 2016, again without first obtaining the Plaintiff's consent to discuss her financial affairs with third parties, Higgins allegedly contacted the Plaintiff's son-in-law by letter regarding the Plaintiff's alleged debt. *See id.* ¶¶ 44-45.

Although not attached to the pleading, in its discretion, the Court has considered an alleged copy of this letter, which was submitted with the Plaintiff's opposition papers. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (authorizing the Court to consider documents incorporated by reference in a complaint when deciding a Rule 12(b)(6) motion).

In relevant part, the letter, which bears the letterhead of the Defendant NAR, indicates that the Plaintiff owes the sum of $6,959.13 to the Defendant JTM. *See* Pl. Memo of Law, Ex. "1"; *see also* Am. Compl. ¶¶ 81, 89. The Defendant JTM is identified as the "Current Creditor." *See* Pl. Memo of Law, Ex. "1." Although counsel for the Plaintiff asserts in his legal memorandum that this letter was sent by the Defendant Higgins, *see id.* at 6, the Court can discern nothing in the letter itself to corroborate this assertion.

In any event, the Plaintiff denies both the amount claimed to be due, and that she owes any debt to the Defendant JTM. *See id.* ¶¶ 82, 90.

C. The Alleged Failure to Provide a Validation Notice

Finally, under the provisions of the FDCPA, within five days after a debt collector makes initial contact with a consumer in connection with the collection of a debt, the debt collector is required to send the consumer a written notice setting forth various validating information. *See id.* ¶ 56; *see also* 16 U.S.C. § 1692g. However, more than five days elapsed after Higgins' initial communication by telephone, and the Plaintiff did not receive the statutorily-required validation notice. *See* Am. Compl. ¶ 63.

4

Based on these facts, the Plaintiff brings a total of twelve causes of action against the Defendants – ten arising under the FDCPA; one arising under the TCPA; and one arising under the GBL.

## II. DISCUSSION

### A. The Standard of Review

Under Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Otis-Wisher v. Medtronic, Inc.*, 616 F. App'x 433, 434 (2d Cir. 2015).

### B. As to the Plaintiff's Class Allegations and Twelfth Cause of Action under the New York GBL

At the outset, the Court notes that, in response to the portion of JTM's motion which seeks to strike the class allegations in the amended complaint, the Plaintiff voluntarily withdrew those allegations. *See* Pl. Memo of Law at 4.

Further, in response to the portion of JTM's motion which seeks to dismiss the twelfth cause of action based on a violation of section 349 of the New York GBL, the Plaintiff voluntarily withdrew that claim. *See id.*

Accordingly, to the extent that JTM seeks to strike the Plaintiff's class allegations and dismiss Count 12 of the amended complaint, its motion for such relief is granted.

C.  As to Whether the Plaintiff has Plausibly Alleged an Agency Relationship Sufficient to Support Vicarious Liability Against JTM (Count 2 – Count 6; Count 8 – Count 11)

The Court notes that, despite apparently relating exclusively to the conduct of either Higgins or Larkin, Counts 2 through 6 and Counts 8 through 11 are directed against "All Defendants." *See generally* Am. Compl.; *see also* Pl. Memo of Law at 6 (conceding that "the majority, but not all, of Plaintiff's claims concern the unlawful actions of Claire Higgins and Steve Larkin").

Typically, this method of "lump[ing] all the defendants together and fail[ing] to distinguish their conduct," is insufficient to comply with the notice pleading requirements found in Rule 8. *See Stratakos v. Nassau County*, No. 14-cv-7244, 2016 U.S. Dist. LEXIS 162714, at *19-*20 (E.D.N.Y. Nov. 23, 2016) (Spatt, J.) (quoting *Williams v. Milford Police Dep't*, No. 15-cv-1394, 2015 U.S .Dist. LEXIS 129726, at *3 (D. Conn. Sept. 28, 2015)). Thus, JTM challenges the viability of these claims on the ground that the amended complaint lacks any plausible allegations connecting JTM to either Higgins or Larkin, so that, even if proven, the alleged misconduct by those Defendants cannot be imputed to JTM.

In opposition, the Plaintiff notes that the amended complaint alleges that Higgins and Larkin are "employee[s] of Defendants." According to the Plaintiff, this allegation is sufficient to hold the corporate Defendants vicariously liable for each act of allegedly unlawful conduct by Higgins and/or Larkin. The Court disagrees.

Although "[n]o Second Circuit case addresses whether and to what extent a defendant may be held vicariously liable under the FDCPA," *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 177 (E.D.N.Y. 2013), district courts in this Circuit have held that "[i]n order to hold a debt collector vicariously liable for the act of [an] agent, the plaintiff must allege plausible facts that (1) the agent and principal are both debt collectors [under the FDCPA]; and (2) the principal has exercised control over the agent's conduct or activities," *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, No. 14-cv-4868, 2017 U.S. Dist. LEXIS 53143, at *52 (E.D.N.Y. Apr. 6, 2017) (citation omitted); *see also Bodur v. Palisades*

*Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011) (noting that "[t]o be vicariously liable under the FDCPA . . . 'the 'principal' must exercise control over the conduct or activities of the 'agent'") (quoting *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006)).

The same agency principles animating this rule appear to apply equally to claims of vicarious liability under the TCPA. *See Jenkins v. Nat'l Grid USA*, No. 15-cv-1219, 2017 U.S. Dist. LEXIS 49365, at *18 (E.D.N.Y. Mar. 31, 2017) (noting that "Plaintiffs seeking to hold companies vicariously liable for the TCPA violations of third parties may show either that (1) that there was a principal-agent relationship between them, (2) the third party acted with apparent authority or (3) the company ratified the conduct of the third party"); *see also Melito v. Am. Eagle Outfitters, Inc.*, No. 14-cv-02440, 2015 U.S. Dist. LEXIS 160349, at *20-*28 (S.D.N.Y. Nov. 30, 2015) (dismissing vicarious liability claims under the TCPA where the complaint failed to plead facts establishing an agency relationship); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (Spatt, J.) (dismissing vicarious liability claims under the TCPA where the complaint failed to plead non-conclusory allegations regarding an agency relationship).

Applying these standards to Count 2 through Count 6, and Count 8 through Count 11, the Court finds that the amended complaint is insufficient to state plausible claims against JTM for the alleged conduct of Higgins and Larkin.

As to the first part of the applicable test, the Court seriously doubts whether the putative agents (Higgins and Larkin) and the putative principal (JTM) are all "debt collectors" within the meaning of the statute. In this regard, although the amended complaint contains a conclusory allegation that the activities of the "Defendants" meet the relevant statutory definition, this conclusion is otherwise unsupported by any specific facts in the complaint. On the contrary, the theory that JTM is a debt collector is apparently contradicted by the documentary evidence in the record.

As noted above, the collection letter that was allegedly sent to the Plaintiff's son-in-law bears the letterhead of the Defendant NAR only, and states that "[t]his communication is from a debt collector." In contrast, the letter specifically identifies JTM as the Plaintiff's current creditor, and refers to JTM as NAR's "client" for whom NAR is attempting to collect the alleged debt.

Contrary to the Plaintiff's theory, creditors, like JTM appears to be, are generally not subject to the FDCPA. *See Maguire v. Citicorp Retail Servs.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA"). Thus, under these circumstances, even construing the amended complaint in the Plaintiff's favor, the Court is hard-pressed to accept the premise that both NAR and JTM are debt collectors under the statute.

Further, even if the Court assumed that JTM is a debt collector, the record is still devoid of any alleged facts or evidence indicating that Higgins and Larkin were affiliated with JTM in any way. Rather, accepting the truth of the Plaintiff's assertion that the collection letter bearing NAR's letterhead was sent by Higgins, *see* Pl. Memo of Law at 6, the only reasonable inference is that Higgins was acting on behalf of NAR, not JTM. This is generally consistent with the Plaintiff's allegations that NAR, Higgins, and Larkin share a common place of business, separate from where JTM's principal place of business is located.

In any event, the Court need not decide this question because, even if the first part of the test for vicarious liability had been met, the Plaintiff's claims against JTM would nevertheless fail because the amended complaint lacks any plausible facts demonstrating that JTM exercised control over the individual Defendants, or was otherwise involved in the complained-of conduct.

In the Court's view, absent any specific facts plausibly indicating that JTM directed and/or exercised control over the debt collection activities forming the basis of this case, or any other facts which, if proven, would tend to establish an agency relationship between JTM and the individual Defendants, simply alleging that Higgins and Larkin are employees of "Defendants" is patently

insufficient to support a reasonable inference that JTM may be held vicariously liable for their conduct.

In this regard, the Court notes that the Plaintiff cites no factual or legal authority to warrant a different conclusion.

Accordingly, the Court finds that Count 2 through Count 6, and Count 8 through Count 11, fail to state plausible claims for relief against the Defendant JTM. Therefore, JTM's motion to dismiss those claims is granted.

However, this dismissal is without prejudice, and the Plaintiff is granted leave to replead within 30 days of the date of this Order.

**D.     As to the Sufficiency of the Remaining Claim under the FDCPA (Count 7)**

Further, Count 7 of the amended complaint alleges that all of the Defendants violated section 1692g of the FDCPA by failing to provide the Plaintiff with the statutorily-required validation notice within five days after initially contacting her about the alleged debt.

However, for substantially the same reasons already discussed, the Court finds that this claim is not sufficiently pled as against JTM. Namely, there are no facts to support the Plaintiff's conclusory allegation that Higgins and Larkin were affiliated with JTM. Nor are there facts to support a conclusion that JTM was itself a debt collector, as opposed to a creditor whose outstanding account NAR was attempting to collect. Therefore, because section 1692g's mandate applies only to debt collectors, in its present form, the amended complaint lacks sufficient facts from which the Court may justifiably infer that JTM had any obligation under the FDCPA to provide the Plaintiff with the required validation notice.

Accordingly, the Court finds that Count 7 also fails to state a plausible claim for relief against the Defendant JTM. Therefore, JTM's motion to dismiss that claim is granted. However, again, this dismissal is without prejudice and with leave to replead within 30 days of the date of this Order.

### III. Conclusion

Based on the foregoing, the motion by the Defendant JTM Capital Management, LLC to dismiss the amended complaint is granted.

However, consistent with this decision, the Plaintiff may file a second amended complaint within 30 days, or by July 27, 2017. In addition to curing the deficiencies outlined above, the second amended complaint shall omit the challenged class allegations and amend the official caption to reflect that this is no longer a putative class action.

If, by July 27, 2017, the Plaintiff has not filed a second amended complaint, the Clerk of the Court is respectfully directed to close this case as against the Defendant JTM only. In any event, this matter shall remain open to permit the Plaintiff to pursue default judgments against NAR, Higgins, and Larkin.

It is **SO ORDERED:**

Dated: Central Islip, New York
June 27, 2017

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge